

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY 13 2008
MAY 13 2008 NF
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| WILLIAM ROWELL )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FRANCONIA MINERALS CORPORATION, )<br>a foreign corporation )<br>)<br>Defendant. )<br>) | Case No. 08 CV 2517<br>Judge Castillo<br>Magistrate Judge Brown |

### PLAINTIFF'S MOTION A) FOR LEAVE TO FILE LIMITED WRITTEN DISCOVERY; AND B) TO REQUIRE DEFENDANT TO RESPOND TO SAID WRITTEN DISCOVERY BY JUNE 16; AND C) TO REQUIRE DEFENDANT TO FILE ANY FORUM NON CONVENIENS MOTION OR MOTION TO TRANSFER VENUE BY JUNE 16

Now comes the plaintiff, WILLIAM ROWELL, by his attorney, Keith L. Davidson, and states as follows:

1. On May 9, 2008, after receiving defendants motion for a 30 days extension to answer the complaint, plaintiff e-mailed defendant a limited set of written interrogatories and production requests, of which copies are attached hereto as Exhibits "A" and "B," and sought defendant's agreement to their being filed without awaiting defendant's answer or need of completing a Rule 26(f) discovery conference. This basic written discovery was designed simply to identify witnesses with relevant knowledge and obtain relevant documents and ESI pending defendant's answer to the complaint. Plaintiff did not ask defendant to waive objection to the substance of this written discovery, only to the timing of it in light of defendant's motion.

2. Technically, a Rule 26(f) conference cannot be completed until defendant has filed

its responsive pleading and the case is at issue. But, it appeared to plaintiff, without the benefit of an answer to the complaint, that no useful purpose would be served by postponing basic written discovery until a Rule 26(f) conference could be held because, in plaintiff's view, a), liability turns solely on one simple fact issue: *i.e.* whether plaintiff terminated his services with defendant on March 4, 2007, and there appear to be only two witnesses who can testify on this fact issue: plaintiff and defendant's CEO, Brian Gavin; and b), plaintiff's consequential damages, consisting of the defendant's withholding of his stock options and severance pay, are fixed in amount; and c), plaintiff's reliance damages, which are a much lesser part of his claim, involve very limited discovery from the plaintiff, his spouse (who is his book keeper) and, potentially, one or two third parties, but no discovery from the defendant.

3. If the issues are this narrow and the evidence this limited, the burden on defendant to respond to plaintiff's proposed written discovery should be minimal. In the unanticipated event that defendant's responsive pleadings were to raise any additional issues, plaintiff's proposed written discovery would at least serve to identify the relevant witnesses, documents, and ESI and avoid still further delays in discovery. Since defendant moved for a 30 day extension on the basis that it needed the additional time to investigate plaintiff's allegations, it is difficult to see how defendant could be unduly burdened in having to identify the witnesses and produce the documents and ESI revealed by its investigation.

4. The court has scheduled a pretrial conference for June 24 and granted defendant until June 16 to file its answer to the complaint. If defendant's responsive pleadings were to raise any additional issues, plaintiff will be better situated to investigate them and constructively participate in the pretrial if defendant is also required to respond as best it can to plaintiff's proposed written discovery prior to the pretrial.

5. Finally, defendant has advised plaintiff that it is considering whether to file a *forum non conveniens* motion or a motion to transfer venue. Any such motions could also affect the scope of discovery; whereby, plaintiff submits that his proposed written discovery is equally relevant to the prompt disposition of any such motions.

6. Plaintiff's counsel, Keith L. Davidson, through no fault of his own, has thus far been unable to resolve the foregoing issues through consultation by telephone and e-mail with defense counsel, David Fish. This is not to suggest any fault on the part of Mr. Fish or to suggest that the inability of counsel to resolve their differences in respect to the motion represents more than a good faith disagreement over the timing of basic written discovery. A more detailed exposition of the communications between counsel is attached hereto as Exhibit "C."

For the foregoing reasons, plaintiff respectfully submits that a), plaintiff should be permitted to initiate the proposed written discovery without need of awaiting defendant's answer or a Rule 26(f) conference; and b), defendant should be required to respond as best it can to plaintiff's written discovery by June 16; and c), defendant should be required to file any *forum non conveniens* motion or motion to transfer venue contemporaneously with its answer to the complaint, *i.e.* on or before June 16, 2008.

By: /s/ Keith L. Davidson
Attorney for Plaintiff

Keith L. Davidson
**Law Offices of Keith L. Davidson**
Two North LaSalle Street, Suite 1600
Chicago, Illinois 60602
(312) 419-0544

# EXHIBIT LIST

Plaintiff's Proposed Interrogatories to
Defendant Franconia Minerals Corporation . . . . . . . . . . . . . . . . . . . . . . . . . . . . A

Plaintiff's Proposed Production Request to
Defendant Franconia Minerals Corporation . . . . . . . . . . . . . . . . . . . . . . . . . . . . B

Summary of Communications Between
Counsel for Plaintiff and Counsel for Defense . . . . . . . . . . . . . . . . . . . . . . . . . . C

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM ROWELL | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 08 CV 2517 |
| FRANCONIA MINERALS CORPORATION, a foreign corporation | ) Judge Castillo ) Magistrate Judge Brown ) |
| Defendant. | ) ) ) |

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT FRANCONIA MINERALS CORPORATION

1. State the full name and address of the person answering and, if different, the full name and address of the individual signing the answers.

2. Attached hereto is a copy of a March 6, 2008 facsimile to plaintiff from defendant's President and CEO, Brian Gavin, wherein it is asserted that "On March 4, 2007, you advised the Corporation that you were terminating your services under your consulting agreement with the Corporation." With respect to the advice referred to in said facsimile, please:

   a) State whether plaintiff communicated said advice to the Corporation in writing and, if so, state a), whether he did so by letter and/or by any other method; b), the date of each such written communication; c), the date on which each such written communication was received by the Corporation; and d), attach a copy of each such written communication to your answer to these interrogatories.

   b) Was said advice given to the Corporation orally, instead of or in addition to

being given to the Corporation in writing? If so, state a), the date and time when each said conversation took place; b), the name and address of each person to whom plaintiff orally communicated said advice; c), the name and address of each person who claims to have heard the plaintiff orally communicate said advise; d), the name and address of each person who was present when the plaintiff gave such advice; e). whether the plaintiff gave said advice in person or by telephone; and f), and state as accurately as you can everything the plaintiff said in giving said advice.

3. Apart from the facts asserted in Mr. Gavin's March 6, 2008 facsimile, state any additional facts that you contend demonstrate, or contribute to demonstrate, that plaintiff is not entitled to the relief claimed in his complaint.

4. State the full name and address, and the last known residence address, of each person who claims to have knowledge of any facts stated in answer to the preceding interrogatory, and state which of said facts each said person claims to have knowledge of, and state the source of each said person's knowledge thereof.

5. Was any internal letter, memorandum, or electronic record created or sent or filed that memorialized plaintiff's March 4, 2007 advice to the Corporation that he was terminating his services to the Corporation? If so, state the name of the author(s), the name of the recipient(s), and the date of each said item; and attach a copy of each item to your answer to these interrogatories.


                                                          _____  
                                                                           Attorney for Plaintiff

Keith L. Davidson  
**Law Offices of Keith L. Davidson**  
Two North LaSalle Street, Suite 1600  
Chicago, Illinois 60602  
(312) 419-0544

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM ROWELL )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FRANCONIA MINERALS CORPORATION, )<br>a foreign corporation )<br>)<br>Defendant. )<br>) | Case No. 08 CV 2517<br>Judge Castillo<br>Magistrate Judge Brown |

## PRODUCTION REQUEST TO DEFENDANT FRANCONIA MINERALS CORPORATION

Now comes the plaintiff, by his attorney KEITH L. DAVIDSON and, pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests defendant Franconia Minerals Corporation to produce the following documents and materials:

1. Any and all written communications, if any, between plaintiff and defendant, including but not limited to any in which plaintiff resigned, or indicated that he was terminating or would terminate or might terminate his serviced, under his consulting agreement with defendant, including but not limited to any and all letters, facsimiles, e-mails, or other forms of written communication.

2. Any and all letters, memoranda, e-mails, and other internal records of defendant indicating that plaintiff had resigned, or was terminating or would or might terminate, his services under his consulting agreement with defendant.

-1-

3.   Any and all performance evaluations of plaintiff.

4.   Any and all invoices submitted by plaintiff to defendant.

<div style="text-align: right;">_____<br>Attorney for Plaintiff</div>

Keith L. Davidson
**Law Offices of Keith L. Davidson**
Two North LaSalle Street, Suite 1600
Chicago, Illinois 60602
(312) 419-0544

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM ROWELL )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FRANCONIA MINERALS CORPORATION, )<br>a foreign corporation )<br>)<br>Defendant. )<br>) | Case No. 08 CV 2517<br>Judge Castillo<br>Magistrate Judge Brown |

### EXHIBIT C TO PLAINTIFF'S MOTION

1. On May 8, 2008, plaintiff's counsel, Keith L. Davidson, and defense counsel, David Fish, had a telephone conversation in which Mr. Fish asked Mr. Davidson's agreement to a motion to extend by 30 days the time for defendant to answer the complaint. Mr. Fish also informed Mr. Davidson that he was considering but had not decided on whether to a) move to dismiss this case on the grounds of *forum non conveniens* on the contention that it should be filed, if at all, in Canada; or, alternatively, b) move to transfer venue to the Federal District Court for the Western District of Washington.

2. Mr. Davidson informed Mr. Fish that he had no objection to Mr. Fish taking as much time as he needed to file defendant's answer, provided it did not delay initiation or compliance with basic written discovery. Mr. Davidson reiterated a request he had previously made to Mr. Fish, immediately following Mr. Fish's removal of the case to federal court, to hold a Rule 26(f) conference. Previously, Mr. Fish indicated that he would not be ready to hold a Rule 26(f) conference until he reviewed the amended complaint plaintiff was required to file by the court's May 5 minute order. During this May 8 telephone conversation, Mr. Fish indicated he still was not ready to hold a Rule 26(f) conference but would promptly consult his client and

let Mr. Davidson know when he would be ready to do so.

3. Mr. Davidson indicated he would e-mail Mr. Fish plaintiff's proposed written discovery and asked Mr. Fish if he would respond as to whether he had any objection to its being filed even before a Rule 26(f) conference and Mr. Fish agreed to do so.

4. As of the filing of this motion, Mr. Fish has not responded as to whether he will waive objections to the filing of the proposed written discovery prior to a Rule 26(f) conference or as to when he will be ready to hold a Rule 26(f) conference.