IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

WILLIAM ROWELL                    )
          Plaintiff,              )
                             )
     v.                            )
                             )    Case No.  08 CV 2517
FRANCONIA MINERALS CORPORATION,   )    Judge Castillo
a foreign corporation             )    Magistrate Judge Brown
          Defendant.              )

**JOINT STATUS REPORT**

A. Nature of the Case

    1.     Jurisdiction is based on diversity of citizenship under 28 USC § 1332 (a) and (c).

    2.     Plaintiff seeks consequential damages for breach of contract, including $104,443.50, representing the difference between the market value and the price of plaintiff's stock options on the date he sought to exercise them; $50,000 in severance pay for being effectively fired; plus $50,000 in reliance damages.

    3.     The Defendant has been served and has appeared.  It is not anticipated that any other parties will be joined.  Plaintiff maintains that this is a simple breach of contract case involving no legal issues under any American or Canadian laws and that the only major factual issues include whether Plaintiff terminated his consulting services with defendant or was effectively fired and the amount of Plaintiff's reliance damages, Plaintiff's consequential damages being essentially fixed.  Defendant identifies the following legal issues:

    (a)     Whether this case should be heard in Canada under the doctrine of *forum non conveniens* for the reasons set forth in Defendant's Motion.  If not, Defendant believes the parties must then provide the Court (pursuant to FRCP 44.1) the substantive Canadian law for the issues in this case (Hull 753 Corp. v. Elbe Flugzeugwerke GmbH, 58 F.Supp.2d 925 (N. D. Ill. 1999)(Castillo, J.)(in a case that requires the application of foreign law, the parties "need to prove that law to this Court for appropriate application")), including:  **(1)** whether Defendant abused its discretion under Canadian law in determining Plaintiff's eligibility to receive options; **(2)** whether the laws of Alberta and Canada (including potentially its securities laws) would deem Plaintiff ineligible to receive stock options; and **(3)** the degree of deference due (under Canadian law) Defendant's eligibility determination.   Plaintiff maintains that no such foreign

-1-

law issues exist and that there were and are no Alberta or Canadian laws rendering Plaintiff ineligible to receive the stock options Defendant gave him, but that, if there were, Defendant would be estopped from raising them and subject to additional allegations of fraud.

4.      As to the factual issues, Defendant agrees with Plaintiff that an important issue is whether Defendant terminated his consultancy.  In addition, it is Defendant's position that even if it were concluded that Plaintiff did not resign, the fact that he failed to work for a year terminated his consultancy and eligibility to receive stock options. Plaintiff maintains that he did in fact do work Defendant requested of him after the March 4, 2007 date on which Defendant has alleged Plaintiff resigned; but that, more importantly, since Plaintiff was a consultant to defendant and could undertake only such work as Defendant requested of him, the fact, if it were the fact (which it is not), that he did no further work after said date would be irrelevant unless it could be shown (which it cannot) that, after said date, he failed to do further work that Defendant requested him to do and he undertook to do.

B. Preparation of Draft Scheduling Order

5.      On May 28, 2008, the parties' counsel had a face to face meeting to discuss a proposed discovery schedule, electronic discovery, and to discuss settlement.   In addition, on May 14, the court granted Plaintiff's motion a) for leave to file limited written discovery; b) to require Defendant to respond to said written discovery by June 16; and c) to require Defendant to file any *forum non conveniens* motion or motion to transfer venue by June 16.

6.      The parties have agreed that on June 16, 2008, they will, by U.S. postal mail or electronic mail (each party may choose either method), simultaneously exchange e-mails and correspondence between them and all of Plaintiff's invoices to Defendant from and including 2005 to present.

7.      Plaintiff proposes that the court order that a), all initial written discovery, (going beyond defendant's written discovery compliance due on June 16, 2008 and said exchange of e-mails and invoices on June 16, 2008), be completed by July 31, 2008 and that the depositions of Plaintiff, his spouse, and Defendant's CEO, Brian Gavin, be completed by August 28, 2008; and b), that, within fourteen (14) days thereafter, the parties confer to determine whether they believe any additional discovery is needed and submit a joint report to the court outlining any such additional discovery and proposing a timetable for it to be completed.

-2-

8.      Defendant believes that deposition discovery should be stayed pending the Court's ruling on the *forum non conveniens* motion.   Plaintiff disagrees on the basis that: a), a *forum non conveniens* motion to dismiss, insofar as Defendant has explained it to Plaintiff, is without colorable basis; b), Plaintiff proposes an initial set of only the three depositions mentioned above to be completed before a ruling on Defendant's *forum non conveniens* motion; and c), Plaintiff should not be foreclosed from conducting oral discovery on any factual assertions that may be made in such a motion.

9.      Electronically stored information:  Each side has requested the production of all emails between the parties and all invoices of plaintiff from and including 2005 to present and each side has agreed to the other side's request.  Each side has requested the other to preserve any and all electronic files in any manner pertaining to Plaintiff, including but not limited to his email correspondence, invoices, and his alleged resignation, and each side has agreed to the other side's request.

C. Trial Status

10.      A jury has been requested by Plaintiff.  The trial should not exceed three days, assuming full trial days.

D. Consent to Proceed Before a Magistrate Judge

11.      At this time, both parties consent to proceed before a Magistrate Judge for all proceedings, including trial.

E. Settlement Status

12.      Counsel have conferred about settlement but have made no progress toward achieving a settlement.  Plaintiff submitted a settlement demand in the amount of his prayer for compensatory relief, *i.e.* $204,443.50.  Plaintiff also indicated his willingness to waive his claim for reliance damages ($50,000.00), if Defendant would immediately settle by paying Plaintiff's claim for consequential damages, including severance pay ($50,000.00) and his loss from Defendant's deprivation of his stock options ($104,443.50).

13.      Given the amount of Plaintiff's demand (as well as discussion between counsel), Defendant has not provided a counteroffer.  Defendant has indicated a willingness to continue a settlement dialogue if Plaintiff will submit a demand that is sufficiently lower to appeal to

Defendant.  Given Defendant's position (as well as discussion between counsel), Plaintiff has declined to negotiate against himself and withdrawn his aforesaid settlement offer.

For Plaintiff
/s Keith L. Davison_____

Keith L. Davidson

For Defendant
/s David J. Fish_____

David J. Fish