

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM ROWELL ) | |
| ) | |
| Plaintiff, ) | Case No.   08 CV 2517 |
| ) | Judge Castillo |
| v. ) | Magistrate Judge Brown |
| ) | |
| FRANCONIA MINERALS CORPORATION, ) | |
| a foreign corporation ) | |
| ) | |
| Defendant. ) | |
| ) | |

**STIPULATED PROTECTIVE ORDER**
**REGARDING CONFIDENTIAL INFORMATION**

Pursuant to the Stipulation of William Rowell ("Rowell" or "Plaintiff") and Defendant Franconia Minerals Corporation ("Franconia"), the parties, through their respective counsel, move for the entry of a Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure:

**IT IS HEREBY ORDERED THAT:**

1. "Discovery Material" shall consist of all of the following: (i) documents and other tangible things produced by one party to another pursuant to informal requests or formal requests under Rule 34 of the Federal Rules of Civil Procedure, all information derived therefrom, and all copies, excerpts, or summaries thereof; (ii) all documents produced pursuant to subpoenas under Rule 45 of the Federal Rules of Civil Procedure, all information derived therefrom and all copies, excerpts, or summaries thereof; (iii) responses to requests to admit made pursuant to Rule 36 of the Federal Rules of Civil Procedure; (iv) responses to interrogatories made pursuant to Federal Rules of Civil Procedure 33; and (v) testimony and

transcripts of testimony in depositions under Rule 30 or Rule 31 of the Federal Rules of Civil Procedure and all other information, testimony and documents produced pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure.

2. A producing party or non-party ("producing party" or "designating party") may designate as "Confidential" any Discovery Material that contains non-public information that is confidential or commercially sensitive in nature, such as trade secrets, personnel files, financial information, personal information, proprietary technology, strategic business plans and documents related thereto, future marketing plans, customer lists or customer information, or other such material that would cause severe competitive damage if it were disclosed to another party, as well as non-public communications with non-parties relating to actual or possible business arrangements and documents related thereto, the disclosure of which to the public has been purposefully avoided. "Confidential Discovery Material," as used herein, shall refer to any document properly designated "Confidential" and the information contained therein, or any other materials so designated (including deposition transcripts as specified below) and all copies and extracts thereof, and shall also refer to the information contained therein. Notes or memoranda regarding documents, information and/or testimony that have been designated Confidential shall be accorded the same level of confidential treatment as the designated information itself.

3. Confidential Discovery Material and the information contained therein may not be used by any person for any other litigation or proceeding or any other purpose whatsoever except in connection with the above-captioned action (the "Action"), including any appeal, in connection with the Action; provided, however, that nothing in this stipulated court order shall prevent any party from reporting to any government agency any illegal conduct demonstrated or suggested by any Confidential Discovery Material or any information contained therein, or

providing said government agency copies of said Confidential Discovery Material and Information in making such a report.

4. Confidential Discovery Material shall, if a writing, be designated as such by stamping "CONFIDENTIAL" on the face of the writing, or otherwise clearly marking "CONFIDENTIAL" in the margin or such place that it is clearly evident and in such a manner that the written material is not obliterated or obscured.

5. Any document designated as Confidential Discovery Material may be marked by the producing party at the time it is produced or at the time copies are provided to the receiving party. In addition, any documents produced prior to the entry of this Order may be designated as Confidential Discovery Material by the producing party through written notice to the receiving party within thirty (30) days of the effective date of this Order. No receiving party shall be obligated to challenge the propriety of the designation at the time of production or designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

6. If, through inadvertence, a producing party discloses information and/or documents that it believes should have been designated as Confidential Discovery Material it may subsequently, within a reasonable period after the discovery of such inadvertence, designate such information and/or documents as Confidential Discovery Material. After such designation is made, all receiving parties shall treat the information and/or documents accordingly. If the information and/or documents have been disclosed by the receiving party prior to the designation, the receiving party shall notify the producing party and shall also make a good faith effort to have the information and/or documents returned.

7. Material designated as Confidential Discovery Material and the information contained therein that is subject to a dispute as to whether it has properly been so designated, shall, until

further order of the Court, be treated as confidential in accordance with the terms of this Protective Order. In the event that any party objects at any stage of the proceedings to the designation by a producing party of materials designated as Confidential Discovery Material, such parties shall endeavor first to resolve such dispute in good faith on an informal basis. If the parties are unable to resolve the matter after a good faith effort, then the party disputing the confidentiality designation may seek appropriate relief from the Court, with the disputed materials remaining confidential as originally designated pending resolution by the Court.

8. Information and/or documents marked as Confidential Discovery Material and the information contained therein shall not be delivered, exhibited or disclosed, in whole or in part, to any person other than (a) the Court and court officials, including but not limited to, court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court; (b) outside attorneys and in-house counsel engaged in the conduct of the Action or in rendering legal advice to a party, and their employees or agents, including but not limited to the partners, associates, secretaries, paralegal assistants and other support staff, in each attorney's law firm or in-house legal department; (c) Rowell and the Defendant or Defendant's officers, employees, or related entities; (d) experts who are employed, retained or otherwise consulted by the parties or their attorneys, but only for the purpose of (and only to the extent necessary for) analyzing data, conducting studies or providing opinions to assist, in any way, in this Action and not for any other purpose whatsoever; (e) non-party witnesses called to testify in this Action, but only for the purpose of (and only to the extent necessary for) their testimony; and (f) photocopy, document imaging, or database services, or other litigation support services retained by any of the foregoing counsel in connection with this Action. Any such disclosure shall be limited to only those Confidential Discovery Materials or information contained therein

necessary in the conduct of this Action. The foregoing notwithstanding, any person classified under (d) above (the "Expert") shall only be allowed to retain a single copy of any Confidential Discovery Material that is necessary for consultation or for the preparation of an expert report, and the Expert shall use and retain such Confidential Discovery Material only for the purpose of (and only to the extent necessary for) analyzing data, conducting studies or providing opinions to assist, in any way, in this Action and not for any other purpose whatsoever.

9. All persons receiving Confidential Discovery Material shall take all steps reasonably necessary to prevent the disclosure of such material or the information contained therein to anyone other than persons identified in paragraph 8 above. All such persons to whom Confidential Discovery Material or the information contained therein has been disclosed shall be notified of the entry and terms of this Protective Order.

10. Nothing contained in this Order shall prevent the use of Confidential Discovery Material or information contained therein at a hearing or deposition in the Action. To the extent that a deposition involves the use of Confidential Discovery Material or information contained therein, counsel may identify on the record such testimony or information as "Confidential," and the court reporter shall mark those portions of such deposition transcript(s) that concern Confidential Discovery Material or information contained therein with the legend "CONFIDENTIAL" and shall place on the cover of the transcript the following legend:

**THIS TRANSCRIPT CONTAINS INFORMATION DESIGNATED CONFIDENTIAL AND SUBJECT TO A PROTECTIVE ORDER IN THIS ACTION. IF SUCH INFORMATION IS FILED WITH THE COURT, IT MUST BE FILED UNDER SEAL.**

11. Notwithstanding the foregoing, each deposition (including videotape recorded

depositions) of any witness, any corresponding stenographic transcripts, and any information contained therein shall automatically be treated as Confidential Discovery Material for a period of thirty (30) days following delivery of copies of the deposition transcript to counsel for all parties to the Action. Prior to the expiration of this period, any party or non-party may, by written notice to the other parties, designate (by identifying specific line and page numbers in the transcript) all testimony or other information that it believes should be designated as Confidential Discovery Material in accordance with the provisions of this Order. Upon receipt of notice of designation, counsel shall be responsible marking such portions of such depositions transcripts with the legend "CONFIDENTIAL" and shall otherwise protect such testimony in accordance with this Order. Following expiration of the thirty (30) day period, any portions of the deposition not so designated shall no longer be treated as Confidential Discovery Material, subject to the provisions in paragraph 6.

12. Any party seeking to include Confidential Discovery Material as an exhibit to any pleading, motion, memorandum or other paper filed with the Court in this Action must file the Confidential Discovery Material under seal in accordance with the procedures required by the Local Rules of the Northern District of Illinois for filing materials under seal. Nothing in this paragraph, however, shall be construed so as to limit any party's right to file, unsealed, Confidential Discovery Material so designated by that party itself.

13. If either party or its counsel receives a subpoena or other process from any person (including but not limited to natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) seeking production of a producing party's Confidential Discovery Material or information contained therein, the party and/or its counsel shall promptly give telephonic notice and written notice by overnight delivery and/or

e-mail and/or facsimile to counsel for the producing party, identify the materials sought, and enclosing a copy of the subpoena or other process. In no event shall production or other disclosure be made before counsel has been given the aforementioned notice and has had a reasonable opportunity to move to quash such subpoena.

14. Nothing in this Protective Order limits the right of any party in this Action to seek permission of the Court to use Confidential Discovery Material or information contained therein at the trial of this Action or other proceedings before the Court related to this Action. All parties and non-parties reserve the right to seek additional protection for Confidential Discovery Material or information contained therein that is identified for use at trial or in other proceedings before the Court related to this Action.

15. Nothing in this Protective Order, nor the parties' agreement hereto, shall be construed in any way to deprive a party or non-party of any rights it may otherwise have under the Federal Rules of Civil Procedure and the Federal Rules of Evidence including, but not limited to: (a) any party or non-party's right to object to any discovery requests on any ground; (b) any non-party's right to object to any subpoena on any grounds; (c) any party's right to seek an order staying or compelling discovery with respect to any discovery requests; (d) any party's or non-party's right at any proceeding herein to object to the admission of any evidence on any ground; (e) any party's or non-party's right to assert the attorney-client privilege or the work product doctrine; (f) any party's or non-party's right to use its own documents with complete discretion; or (g) any party's right to challenge the designation of documents as "Confidential" as being without merit.

16. Nothing in this Protective Order shall be construed to preclude any party or nonparty from seeking a further protective order, including but not limited to, for any particularly

sensitive information as to which such party or non-party believes this Protective Order is insufficiently protective.

17. The provisions of this Order shall continue in effect after final disposition of the Action. Upon written request sent within sixty (60) days following the final disposition of all aspects of the Action, including the final disposition of all appeals and the expiration of all appeal periods, counsel and Expert(s) for each party shall be obligated to return to counsel for the producing party any Confidential Discovery Material received in this Action, including any copies thereof, or to destroy such documents and things and certify that they have been destroyed; provided, however, that this paragraph shall not be construed to require counsel for any party to return or destroy copies of any documents which were filed with the Court (see ¶ 18, below), or any attorney work product, trial transcripts, or exhibits used in affidavits or declarations, or at depositions or trial, or any documents containing Confidential Discovery Material which any attorney is required to maintain, in strict confidence pursuant to the terms of this Protective Order, as part of his/her ethical obligations and duties to his/her client(s) or to fulfill other legal obligations, including but not limited to any obligations under federal or state revenue laws. If the Confidential Discovery Material or copies thereof contain the work product of attorneys for the receiving party, such documents or copies need not be returned but shall be destroyed within the aforesaid sixty (60) days at the request of the producing party, with certification of such destruction to be delivered by the receiving party to the producing party or non-party within five (5) days of such destruction.

18. By no later than sixty (60) days after the Action is closed in the District Court, the parties or non-parties seeking to obtain the return of any previously-sealed or otherwise restricted

documents may do so by a motion filed with the Court in accordance with the Local Rules for the Northern District of Illinois.

19. The restrictions set forth in the preceding paragraphs shall not apply to information or material that: (a) was, is or becomes public knowledge, not as a result of a violation of this Protective Order; (b) is acquired by the non-designating party from a non-party having the right to disclose such information or material; or (c) was lawfully possessed by the non-designating party prior to receipt from the designating party.

20. Nothing in this agreement shall affect or limit in any preexisting right of any party or non-party to redact proprietary and non-responsive or privileged information contained in documents produced during the course of this litigation in response to any discovery request, including but not limited to Interrogatories, Requests for Admissions or Requests for the Production of Documents or to object to the production of trade secret and/or proprietary Information provided that assertion of any privilege against discovery shall be made in the manner required by law.

21. This Protective Order shall remain in effect after the termination of this Action.

22. Any non-party producing documents in this Action may avail itself of the provisions of this Protective Order.

23. The court may *sua sponte* determine that any matters that have been designated "confidential" by one or both parties are not entitled to the protections established by this protective order and should be matters of public record and may, therefore, order that they are not subject to this protective order.

**STIPULATED TO BY (on behalf of themselves and their clients):**

/s Keith L. Davidson
Keith Davidson, Attorney for Plaintiff

/s David J. Fish
David J. Fish, Attorney for Defendant

*******************************************************************************

Entered this day of 24th of July, 2008.

SO ORDERED: