IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM ROWELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No.  08 C 2517 |
| FRANCONIA MINERALS CORPORATION, | ) | Judge Castillo |
| a foreign corporation | ) | Judge Magistrate Brown |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO FULLY AND RESPONSIVELY ANSWER PLAINTIFF'S INTERROGATORIES

Now comes the Plaintiff, WILLIAM ROWELL, by his attorney, Keith L. Davidson, and moves for an order of court to compel Defendant to fully and responsively answer Plaintiff's interrogatory # 4 within fourteen (14) days.

As grounds for this motion, Plaintiff states as follows:

1.      The preceding interrogatory, *i.e.* #3, asked Defendant to state any additional facts, (beyond those asserted in the March 6, 2008 letter to Plaintiff from Defendant's CEO, Brian Gavin), that demonstrate or contribute to demonstrate that Plaintiff is not entitled to the relief he claims.

2.      Interrogatory #4 then asked Defendant to provide the names and addresses of any persons who have knowledge of any facts stated in Defendant's answer to interrogatory #3 and to "state which of said facts each such person has knowledge of and the source of each such person's knowledge."

3.      Defendant submitted an initial and then a supplemental set of answers to these two interrogatories, (although, the latter doesn't state that it is supplemental), Exhs.

A and B respectively, following Plaintiff's repeated efforts by e-mail to secure full and responsive answers, Exhs. C, D, and E.

4.      Defendant's initial answer to interrogatory #3, Exh. A, asserted that Plaintiff resigned at a meeting with Gavin on March 4, 2007, during a conference in Toronto; then attended a dinner where he informed "other Franconia persons" of his resignation; stopped work and was unwilling to work and did not perform work as required; and failed to meet the contractual requirements for exercising stock options by, *inter alia,* failing to serve Franconia as a consultant.

5.      Defendant's initial answer to interrogatory #4, Exh. A, identified five persons, in addition to Plaintiff and Gavin, but failed to provide responsive answers as to which of said "facts" any of them claimed to know.

6.      Defendant's supplementary Interrogatory Answers, Exh. B, sufficiently elaborated its initial answer to interrogatory #3, (while dropping the assertion that Plaintiff stopped work and was unwilling to work), so that this motion seeks no relief as to that answer.

7.      However, Defendant's supplemental answer to interrogatory #4, Exh. B, remains wholly inadequate to disclose which of the "facts" disclosed in answer to interrogatory #3 any of these five persons claims to know.  All it discloses is that:

Spear "has knowledge of Rowell's resignation."

Tikkanen, Kuhn, and Lawrick "attended a dinner immediately after he [Plaintiff] resigned"

"Lawrick was further made aware of Rowell's resignation from a third party."

Tikkanen and Lawrick "possesses knowledge of discussions of the Board of Directors where Rowell's eligibility to exercise options was discussed" and "participated in a Board of Directors meeting where Mr. Gavin updated the Board

on his continuing search for a geologist for Minnesota to replace William Rowell shortly after he resigned."

Lehmann has knowledge "relevant to the Second Amended Complaint and Franconia's expected defenses."

8.    It is submitted that Plaintiff is entitled to a plain and responsive answer as to whether any of these five persons claims to have been told by Plaintiff, or claims to have seen or overheard Plaintiff tell anyone else, that he had resigned; and that the responses which Defendant has provided about one "having knowledge" of Plaintiff's resignation; another having heard about it from a third party; and the two others having "attended the dinner" where Plaintiff informed "other Franconia persons" of his resignation are not sufficiently responsive.

9.    It is further submitted that Plaintiff is entitled to a plain and responsive answer as to which of the facts stated in answer to interrogatory #3 Lehmann claims to know; and what Tikkanen or Lawrick know about any "discussions" the Board held about Plaintiff's eligibility to exercise stock options; and what Kuhn knows about the stock option plans/agreements or Alberta/Canada law.

10.    Four of these five witnesses, Kuhn, Lehmann, Tikkanen, and Lawrick, are under Defendant's control since they are members of Defendant's Board of Directors, and Kuhn is also a Vice-President and the General Counsel of Defendant. Consequently, Defendant faces no impediment to ascertaining and disclosing what they know. Nor does it face any such difficulty as to Spear since he is still a consultant to Defendant, and Defendant's counsel initially, in an e-mail, Exh. E, declined to provide his address and advised Plaintiff's counsel that Spear could be contacted through him (albeit that, in response to Plaintiff's counsel's further request for Spear's address and inquiry into

whether there was an assertion of attorney-client privilege as to Spear, Exh. F, Defendant's counsel stated that Spear was not a Board member and did not assert any attorney-client privilege, Exh. G).

11.    Interrogatory #4 is no different in substance than a standard interrogatory asking what testimony Defendant anticipates these witnesses will provide at trial. In fact, it is simpler because it only asks Defendant to indicate which of the facts Defendant stated in response to interrogatory #3 is known to each of the persons identified in answer to interrogatory #4. No additional factual recitation is requested.

12.    Defendant's evasion of interrogatory #4 is doubly disturbing since Defendant has cited its need to present testimony from three of these witnesses, Kuhn, in Calgary; Tikkanen, in Vancouver; and Lawrick, in Toronto, as a basis for its motion to dismiss under the doctrine of *forum non conveniens*, which also fails to disclose specifically what facts they claim to know[1].

12.    Notwithstanding that it is Plaintiff's position, as set forth in Plaintiff's response to Defendant's motion to dismiss, that nothing those three witnesses may have to say about discussions (or decisions) by Defendant's Board or of Alberta/Canada law is relevant, Plaintiff submits that it is unacceptable for Defendant to represent to the court or Plaintiff, and expect the representation to be relied on, that these witnesses have any legitimate role in the case while, at the same time, refusing to plainly disclose what knowledge and sources of knowledge each claims to possess of the specific facts

---

[1] Defendant's said motion, p. 6 fn. 4 refers to two witnesses it does not name, (no doubt because they reside in Colorado and Minnesota), who can only be Spear and Lehmann since Defendant did name them both in its prior motion to dismiss (the Amended Complaint) and in its answer to interrogatory #4.

Defendant has already disclosed in answer to interrogatory #3 to demonstrate why Plaintiff's claim is without merit.

15. A responsive answer to interrogatory # 4 is all the more important because Plaintiff has unequivocally represented to the court and counsel, in its response to Defendant's motion to dismiss, that responsive answers to Plaintiff's interrogatories will obviate the need for Plaintiff to depose these witnesses; thereby, constraining the cost of this litigation within limits that are in reasonable proportion to what is at stake.

16.    Plaintiff's interrogatories were served on May 14, 2008, whereby, Plaintiff submits, a responsive answer to #4 is long past due and should be answered responsively within fourteen (14) days.


WHEREFORE, Plaintiff asks this court to enter an order requiring Defendant to responsively answer interrogatory #4 in respect to Lehmann, Kuhn, Tikkanen, Lawrick, and Spear, with fourteen (14) days.


Respectfully submitted,


By: /s Keith L. Davidson_____
Attorney for Plaintiff


Keith L. Davidson
**Law Offices of Keith L. Davidson**
2 N. LaSalle Street, Suite 1600
Chicago, IL 60602
(312) 419-0544

# EXHIBIT LIST

Defendant's Interrogatory Answers . . . . . . . . . . . . . . . . . . . . .     **A**

Defendant's Supplementary Interrogatory Answers . . . . . . . .     **B**

Keith L. Davidson's June 24, 2008 e-mail to David Fish . . . . .     **C**

Keith L. Davidson's June 26, 2008 e-mail to David Fish . . . . .     **D**

Keith L. Davidson's June 17- 18, 2008 e-mail exchange with
David Fish . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     **E**

Keith L. Davidson's June 18, 2008 e-mail to David Fish . . . . .     **F**

Keith L. Davidson's June 20, 2008 e-mail exchange with
David Fish . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     **G**

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM ROWELL | ) | |
| | ) | |
| Plaintiff, | ) | Case No.    08 CV 2517 |
| | ) | |
| v. | ) | |
| | ) | Judge Castillo |
| FRANCONIA MINERALS CORPORATION, | ) | |
| a foreign corporation | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S ANSWERS TO
## PLAINTIFFS' INTERROGATORIES

NOW COMES the Defendant, FRANCONIA MINERALS CORPORATION and as its

response to Plaintiff's Interrogatories states as follows:

1.    State the full name and address of the person answering and, if different, the full name
and address of the individual signing the answers.

**Answer:**

Brian Gavin
111 E. Magnesium Road, Suite A
Spokane, WA 99208

2.    Attached hereto is a copy of a March 6, 2008 facsimile to plaintiff from defendant's
President and CEO, Brian Gavin, wherein it is asserted that "On March 4, 2007, you advised the
Corporation that you were terminating your services under your consulting agreement with the
Corporation." With respect to the advice referred to in said facsimile, please:  a) State whether
plaintiff communicated said advice to the Corporation in writing and, if so, state a), whether he
did so by letter and/or by any other method; b), the date of each such written communication; c),
the date on which each such written communication was received by the Corporation; and d),
attach a copy of each such written communication to your answer to these interrogatories.

**Answer:**

(a)    No
(b)    Not applicable
(c)    Not applicable

(d)    Not applicable

Investigation Continues.

3.    Apart from the facts asserted in Mr. Gavin's March 6, 2008 facsimile, state any additional facts that you contend demonstrate, or contribute to demonstrate, that plaintiff is not entitled to the relief claimed in his complaint.

**Answer:**

There was a March 4, 2007 meeting that was held in Toronto, Canada.    It was at a conference of the Prospectors and Developers Association of Canada.    The Prospectors and Developers Association of Canada is a group of Canadian geologists representing the interests of the mineral exploration and development industry.    William Rowell attended this meeting in Toronto, Canada. During a meeting with Brian Gavin, Rowell resigned.    Thereafter, Rowell attended a dinner and informed other Franconia persons of his resignation.

Plaintiff stopped work and was unwilling to work.    Plaintiff did not perform work for Defendant as required.    Plaintiff is not contractually entitled to the relief sought because he failed to meet the requirements for exercising options in the parties' contracts by, *inter alia,* serving as a Franconia consultant.

Upon information and belief, Plaintiff accepted new work after his consultancy terminated.

Investigation continues and Defendant reserves the right to supplement this response.

4.    State the full name and address, and the last known residence address, of each person who claims to have knowledge of any facts stated in answer to the preceding interrogatory, and state which of said facts each said person claims to have knowledge of, and state the source of each said person's knowledge thereof.

**Answer:**

Defendant objects on the basis that this request is premature and overly broad.    Defendant is still investigating witnesses and reserves the right to supplement its responses. Notwithstanding said objections:

William Rowell
Lake Forest, Illinois
Rowell attended the meeting in Canada as described above.

Bill Spear
3619 Roundtree Ct.
Boulder, CO 80304 (Residential)

8301 East Prentice Avenue Suite 312
Greenwood Village, CO  80111  (Business)

Has knowledge of Rowell`s resignation.

Brian Gavin
(May be reached through counsel, See address above)

Gavin has facts relevant to the Amended Complaint and Franconia's expected defenses. Gavin attended the meeting in Canada and spoke directly with Rowell about his resignation.

Ernest Lehmann
(May be reached through Defendant`s counsel)
12 South Sixth St, Suite 622,
Minneapolis, MN  55402  (Business)

1982 Kenwood Parkway (Residential)
Minneapolis MN 55405

Lehmann has facts relevant to the Amended Complaint and Franconia`s expected defenses and Rowell`s work including both before and after termination.

George Tikkanen
(May be reached through Defendant`s counsel)
5044 Pinetree  Cr.
West Vancouver BC
V7W 3A3        (Residence)

5044 Pinetree Cresent
West Vancouver  B.C.  V7W 3A3
Canada         (Business)

Tikkanen attended a dinner Rowell attended immediately after he resigned.

Bonnie Kuhn
(May be reached through Defendant`s counsel)
7415 35th Avenue NW
Calgary, Alberta T3B 1T4      (Residential)
Canada

Kuhn attended the dinner Rowell attended after he resigned.  Kuhn has information relevant to the stock option agreements/plans, and has knowledge of Canadian and Alberta law. Kuhn has informed of Rowell's consultancy status.

Lewis Lawrick
(May be reached through Defendant's counsel)
120 Adelaide Street West, Suite 2400
Toronto, Ontario  M5H 1T1  (Business)

938 Meadow Wood Road
Mississauga, Ontario - Canada, L5J 2S6  (Residential)

Lawrick attended a dinner Rowell attended immediately after he resigned.


5.      Was any internal letter, memorandum, or electronic record created or sent or filed that memorialized plaintiff's March 4, 2007 advice to the Corporation that he was terminating his services to the Corporation? If so, state the name of the author(s), the name of the recipient(s), and the date of each said item; and attach a copy of each item to your answer to these interrogatories.

        **Answer:**

        See Gavin June 20, 2007 email stating "Rowell is history"; See August 21, 2007 email between Gavin and Lehmann referencing Franconia's permission to work elsewhere so long as Rowell respects his confidentiality clause.  Investigation continues; Defendant reserves the right to update this response.



                        FRANCONIA MINERALS CORPORATION


                        By: __/s/ David Fish_____
                            David J. Fish

David J. Fish
The Fish Law Firm, P.C.
1770 N. Park Street, Suite 202
Naperville, IL 60604
(630) 355-7590

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM ROWELL | ) | |
| | ) | |
| Plaintiff, | ) | Case No.     08 CV 2517 |
| | ) | |
| v. | ) | |
| | ) | Judge Castillo |
| FRANCONIA MINERALS CORPORATION, | ) | |
| a foreign corporation | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S ANSWERS TO
## <u>PLAINTIFFS' INTERROGATORIES</u>

NOW COMES the Defendant, FRANCONIA MINERALS CORPORATION and as its

response to Plaintiff's Interrogatories states as follows:

1.     State the full name and address of the person answering and, if different, the full name
and address of the individual signing the answers.

**Answer:**

Brian Gavin
111 E. Magnesium Road, Suite A
Spokane, WA 99208

2.     Attached hereto is a copy of a March 6, 2008 facsimile to plaintiff from defendant's
President and CEO, Brian Gavin, wherein it is asserted that "On March 4, 2007, you advised the
Corporation that you were terminating your services under your consulting agreement with the
Corporation." With respect to the advice referred to in said facsimile, please:  a) State whether
plaintiff communicated said advice to the Corporation in writing and, if so, state a), whether he
did so by letter and/or by any other method; b), the date of each such written communication; c),
the date on which each such written communication was received by the Corporation; and d),
attach a copy of each such written communication to your answer to these interrogatories.

**Answer:**

(a)     No
(b)     Not applicable—oral communication
(c)     Not applicable

(d)    Not applicable

Investigation Continues.

3.    Apart from the facts asserted in Mr. Gavin's March 6, 2008 facsimile, state any additional facts that you contend demonstrate, or contribute to demonstrate, that plaintiff is not entitled to the relief claimed in his complaint.

**Answer:**

There was a March 4, 2007 meeting that was held in Toronto, Canada.    It was at a conference of the Prospectors and Developers Association of Canada.  The Prospectors and Developers Association of Canada is a group of Canadian geologists representing the interests of the mineral exploration and development industry.  William Rowell attended this meeting in Toronto, Canada. During a meeting with Brian Gavin, Rowell resigned.  Thereafter, Rowell attended a dinner and informed other Franconia persons of his resignation.

Plaintiff was not a consultant (and certainly not a "Bona Fide" consultant) since he stopped working for Franconia after the March 2007 meeting.  Starting the month after the March 2007 meeting, Plaintiff never again billed Franconia for one minute of consulting work and, on this basis, Franconia asserts Plaintiff was not a consultant eligible for stock options.  By contrast, Plaintiff billed Franconia for 2,780 hours of work during the 5 year period, on a monthly basis, before the March 2007 meeting—as set forth in this chart:



**Amount Paid William Rowell by Quarter**

Furthermore, Plaintiff's stock option agreements required the following representation in each stock option agreement:

"In the case of…consultants…the option agreements to which they are a party must contain a representation of the Corporation that the…consultant…is a bona fide…consultant…."  (Emphasis added)  See Complaint, Exhibit 6 at ¶ 7.

Plaintiff's stock option agreements do not state Plaintiff is a "bona fide" consultant-- which is mandatory language under the Plan.

Plaintiff did not properly exercise his stock options.

Upon information and belief, Plaintiff accepted new work after his consultancy terminated.

The Franconia Board of Directors properly considered and rejected Plaintiff's eligibility to exercise the stock options.  Franconia has final discretion (pursuant to the stock option agreements) to make all stock option agreement determinations, including whether:  (1) Plaintiff resigned, (2) Plaintiff properly exercised his options, and (3) Plaintiff was a "bona fide" consultant.   The stock option agreements provide that: determinations, construction, and interpretations made by Franconia shall "be binding and conclusive".   (Complaint, Exhibit 2 at ¶ 2, Exhibits, 3, 4, and 5 at ¶ 9.2; Exhibit 6 at ¶ 2).

Thus, Franconia's determinations and interpretations under the stock option agreements are "binding and conclusive" as to the central issues in this case such as whether Plaintiff resigned (Complaint, Exhibit 2 at ¶ 11, Exhibits, 3, 4, and 5 at ¶ 3.2), whether Plaintiff properly tendered payment for his options (Complaint, Exhibits, 3, 4, and 5 at ¶ 7.1)), and whether Plaintiff was a consultant.

Moreover, Plaintiff did not spend a significant amount of time or attention on Franconia matters as defined in the Alberta Securities Commission's National Instrument 45-106.  Alberta Securities Commission's National Instrument 45-106 defines "Consultant" as one who: "spends or will spend a significant amount of time and attention on the affairs and business of the issuer…." (See National Instrument, ¶ 2.22)

Investigation continues and Defendant reserves the right to supplement this response.

4.      State the full name and address, and the last known residence address, of each person who claims to have knowledge of any facts stated in answer to the preceding interrogatory, and state which of said facts each said person claims to have knowledge of, and state the source of each said person's knowledge thereof.

**Answer:**

Defendant objects on the basis that this request is premature and overly broad.  Defendant is still investigating witnesses and reserves the right to supplement its responses. Notwithstanding said objections:

William Rowell
Lake Forest, Illinois
Rowell attended the meeting in Canada as described above.

Bill Spear
3619 Roundtree Ct.
Boulder, CO 80304 (Residential)

8301 East Prentice Avenue Suite 312
Greenwood Village, CO  80111  (Business)

Has knowledge of Rowell's resignation.

Brian Gavin
(May be reached through counsel, See address above)

Gavin has facts relevant to the Second Amended Complaint and Franconia's expected defenses.  Gavin attended the meeting in Canada and spoke directly with Rowell about his resignation.  Furthermore, Gavin participated in meetings with Franconia's Board wherein the need to hire a new geologist to replace Rowell was discussed and wherein the Board considered Rowell's eligibility to exercise options.

Ernest Lehmann
(May be reached through Defendant's counsel)
12 South Sixth St, Suite 622,
Minneapolis, MN  55402  (Business)

1982 Kenwood Parkway (Residential)
Minneapolis MN 55405

Lehmann has facts relevant to the Second Amended Complaint and Franconia's expected defenses and Rowell's work including both before and after termination.

George Tikkanen
(May be reached through Defendant's counsel)
5044 Pinetree  Cr.
West Vancouver BC
V7W 3A3        (Residence)

5044 Pinetree Cresent
West Vancouver  B.C.  V7W 3A3
Canada          (Business)

Tikkanen attended a dinner Rowell attended immediately after he resigned.  Tikkanen possesses knowledge of discussions of the Board of Directors where Rowell's eligibility to exercise options was discussed. Lawrick participated in a Board of Directors meeting where Mr. Gavin updated the board on his continuing search for a geologist for Minnesota to replace William Rowell shortly after Rowell resigned.

Bonnie Kuhn
(May be reached through Defendant's counsel)
7415 35th Avenue NW
Calgary, Alberta T3B 1T4     (Residential)
Canada

Kuhn attended the dinner Rowell attended after he resigned.  Kuhn has information relevant to the stock option agreements/plans, and has knowledge of Canadian and Alberta law. Kuhn was informed of Rowell's consultancy status.

Lewis Lawrick
(May be reached through Defendant's counsel)
120 Adelaide Street West, Suite 2400
Toronto, Ontario  M5H 1T1  (Business)

938 Meadow Wood Road
Mississauga, Ontario - Canada, L5J 2S6  (Residential)

Lawrick attended a dinner Rowell attended immediately after he resigned.  Lawrick possesses knowledge of discussions of the Board of Directors where Rowell's eligibility to exercise options was discussed.  Lawrick was further made aware of Rowell's resignation from a third party.  Lawrick further participated in a Board of Directors meeting where Mr. Gavin updated the Board on his continuing search for a geologist for Minnesota to replace William Rowell shortly after he resigned.

Geoff Goad
Canada
Address Unknown

Goad has information relating to advice provided to Plaintiff's wife to sell Franconia options and also has information relating to Plaintiff's improper efforts to exercise options.


5.    Was any internal letter, memorandum, or electronic record created or sent or filed that memorialized plaintiff's March 4, 2007 advice to the Corporation that he was terminating his services to the Corporation? If so, state the name of the author(s), the name of the recipient(s), and the date of each said item; and attach a copy of each item to your answer to these interrogatories.

**Answer:**

See Gavin June 20, 2007 email stating "Rowell is history"; See August 21, 2007 email between Gavin and Lehmann referencing Franconia's permission to work elsewhere so long as Rowell respects his confidentiality clause.   Investigation continues; Defendant reserves the right to update this response.

FRANCONIA MINERALS CORPORATION


By: __/s/ David Fish_____
         David J. Fish

David J. Fish
The Fish Law Firm, P.C.
1770 N. Park Street, Suite 202
Naperville, IL 60604
(630) 355-7590

Exhibit C

Rowell v. Franconia                                  http://bizatlarge.net/exchange/kld.KLD/Inbox/Rowell/Counsel%20(...

🔄 Reply  🔄 Reply to all  📧 Forward  |  📑 📑 ✖  |  🔼 🔽  |  Close  |  ❓ Help

| | | |
|---|---|---|
| From: | Keith Davidson | Sent:  Tue 6/24/2008 10:23 AM |
| To: | dfish@fishlawfirm.com | |
| Cc: | | |
| Subject: | Rowell v. Franconia | |
| Attachments: | | |

View As Web Page

Mr. Fish:

I am still awaiting your response on each of the following matters:

1) A call from you to discuss your proposed protective order.

2) Your agreement to provide responsive interrogatory answers setting forth, with specificity, the testimony you expect to elicit from each of the witnesses identified in your interrogatory answers.

3) Your response to my request that you waive the prerequisite Rule 26(f) conference to conducting discovery, just as you implicitly expect me to do based on the otherwise premature discovery you have initiated.

I agree not to share with anyone, including my client, any materials you produce and designate to be confidential until such time as a protective order is entered.  Therefore, it appears to me that you have no need to delay production of them.

Keith L. Davidson

8/1/2008 9:48 AM

# Exhibit D

6/26 phone conversation                                              http://bizatlarge.net/exchange/kld.KLD/Inbox/Rowell/Counsel%20(...



🔧 Reply  🔧 Reply to all  🔧 Forward  | 🔧 🔧 ✖ | ▲ ▼ | Close | ❓ Help

| From: | Keith Davidson | Sent: Thu 6/26/2008 12:13 PM |
|---|---|---|
| To: | dfish@fishlawfirm.com | |
| Cc: | | |
| Subject: | 6/26 phone conversation | |
| Attachments: | | |

View As Web Page

Mr. Fish:

To memorialize our discussion today:

1) We agreed that each side may initiate any written discovery, with the other side reserving right to object to its specifics but agreeing not to object to its automatically being premature under FRCP 26.

2) I agreed to draft language to propose including in your proposed protective order so as to overcome my objections to parts of it.

3) You agreed to reexamine your answers to plaintiff's interrogatories to determine whether, as I maintain, particularly in respect to your answer to interrogatory #4, more detailed answers are required.

4) You will be on vacation all of next week and I will be out of town all the following week.  In the event we cannot resolve our differences over the protective order, you will not move to have the protective order entered until I return.

5) You have no objection to plaintiff's motion to file his Second Amended Complaint.

6) If Judge Castillo does not grant it by Monday, you will call his clerk to advise that you have no objection.

(I am separately noticing a motion to file a corrected version of it.  The only correction occurs in the first sentence of paragraph 1 of plaintiff's alternate prayer for relief, p. 15, correcting "Rescission of ROWELL's May 10, 2007 purchase of 70,000 FRANCONIA shares…" to state "Rescission of ROWELL's May 10, 2007 purchase of 140,000 FRANCONIA shares…")

If I have omitted or incorrectly stated anything above, I request that you please so advise.

Keith L. Davidson

1 of 1                                                                          8/1/2008 9:49 AM

Exhibit E

RE: Written discovery compliance                    http://bizatlarge.net/exchange/kld.KLD/Inbox/Rowell/Counsel%20(...

Reply    Reply to all    Forward    |    X    |    ▲    ▼    |    Close    |    Help

| From: | Keith Davidson | | Sent: Wed 6/18/2008 9:20 AM |
|---|---|---|---|
| To: | David Fish | | |
| Cc: | | | |
| Subject: | RE: Written discovery compliance | | |
| Attachments: | | | |

View As Web Page

Mr. Fish:

In response to your e-mail sent on June 17 at 4:53 p.m., kindly be advised as follows:

1)  By U.S. postal mail, I sent you Monday the e-mails and invoices of my client from 2005 to present.

2)  I prefer hard copies rather than e-mail for large production documents but would request and appreciate e-mail also, if it does not impose any additional cost on you, so that I can forward selected parts of your production to my client without need of further copying.

3)  With all due respect, I find your answer to interrogatory #3 wholly lacking in necessary detail and inadequate. I also find your objections to interrogatory #4 without merit, since it is designed to determine whether there are any other witnesses who have relevant knowledge and need to be deposed, including any who reside in other U.S. states or in Canada.

This e-mail will serve to request you to fully comply with interrogatory #3, and to withdraw the objection to #4 and comply with it fully, failing which you may anticipate a motion to compel.

Keith L. Davidson


-----Original Message-----
From: David Fish [mailto:dfish@fishlawfirm.com]
Sent: Tue 6/17/2008 4:58 PM
To: Keith Davidson
Subject: RE: Written discovery compliance

Keith:

I have not received any documents from you.  I trust they were place in the mail yesterday.

For the record, your motion (which was granted) only requested that we produce written responses "as best it can" in light of the expedited basis on which they were served.  (See prayer for relief) However, in the spirit of cooperation, I am providing you with the below responses.  Once we have finalized/signed responses, I will email them to you to avoid any delay.

My understanding is that certain documents (which are not at Franconia's headquarters) will be arriving at my office tomorrow or the next day.  I will get those to you asap.  Can I send large document productions to you

via email or do you prefer hard copy?

Response To Interrogatories

1.      State the full name and address of the person answering and, if
different, the full name and address of the individual signing the answers.

Answer:

Brian Gavin
111 E. Magnesium Road, Suite A
Spokane, WA 99208

2. Attached hereto is a copy of a March 6, 2008 facsimile to plaintiff from
defendant's
President and CEO, Brian Gavin, wherein it is asserted that "On March 4,
2007, you advised the Corporation that you were terminating your services
under your consulting agreement with the Corporation." With respect to the
advice referred to in said facsimile, please:  a) State whether plaintiff
communicated said advice to the Corporation in writing
and, if so, state a), whether he did so by letter and/or by any other
method; b), the date of each such written communication; c), the date on
which each such written communication was received by the Corporation; and
d), attach a copy of each such written communication to your answer to these
interrogatories.

Answer:

(a)      No
(b)      Not applicable
(c)      Not applicable
(d)      Not applicable

Investigation Continues

3.      Apart from the facts asserted in Mr. Gavin's March 6, 2008
facsimile, state any
additional facts that you contend demonstrate, or contribute to demonstrate,
that plaintiff is not entitled to the relief claimed in his complaint.

Answer:

Plaintiff resigned, Plaintiff stopped work and was unwilling to work;
Plaintiff did not perform work for Defendant as required, Plaintiff is not
contractually entitled to the relief sought, Plaintiff accepted new work.
Investigation continues

4. State the full name and address, and the last known residence address, of
each person

who claims to have knowledge of any facts stated in answer to the preceding
interrogatory, and state which of said facts each said person claims to have
knowledge of, and state the source of each said person's knowledge thereof.

Answer:

Defendant objects on the basis that this request is premature, overly broad
and unduly burdensome.  Defendant is still investigating witnesses and
reserves the right to supplement its responses. Notwithstanding said
objections:

William Rowell
Lake Forest, Illinois

Brian Gavin
111 E. Magnesium Road, Suite A
Spokane, WA 99208
Gavin has facts relevant to the Amended Complaint and Franconia's expected
defenses.

Ernest Lehmann
(May be reached through Defendant's counsel)
Lehmann has facts relevant to the Amended Complaint and Franconia's expected
defenses and Rowell's work.

George Tikkanen
(May be reached through Defendant's counsel)
Tikkanen attended a dinner Rowell attended after he resigned.

Bonnie Kuhn
(May be reached through Defendant's counsel)
Kuhn attended a dinner Rowell attended after he resigned.  Kuhn has
information relevant to the stock option agreements/plans, and has knowledge
of Canadian and Alberta law.

Lewis Lawrick
(May be reached through Defendant's counsel)
Lewrich attended a dinner Rowell attended after he resigned.

Bill Spear
(May be reached through Defendant's counsel)
Was told by Rowell about Plaintiff's resignation.


5.      Was any internal letter, memorandum, or electronic record created
or sent or filed that memorialized plaintiff's March 4, 2007 advice to the
Corporation that he was terminating his services to the Corporation? If so,
state the name of the author(s), the name of the recipient(s), and the date
of each said item; and attach a copy of each item to your answer to these
interrogatories.

Answer:

RE: Written discovery compliance                    http://bizatlarge.net/exchange/kld.KLD/Inbox/Rowell/Counsel%20(...

See Gavin June 20, 2007 email stating "Rowell is history";  See August 21, 2007 email between Gavin and Lehmann referencing Franconia's permission to work elsewhere so long as Rowell respects his confidentiality clause. Investigation continues.

Request for Production of Documents

1. Any and all written communications, if any, between plaintiff and defendant, including
but not limited to any in which plaintiff resigned, or indicated that he was terminating or would
terminate or might terminate his serviced, under his consulting agreement with defendant, including but not limited to any and all letters, facsimiles, e-mails, or other forms of written communication.

Answer:

Plaintiff objects to this request on the basis that it is overly broad and unduly burdensome.  Notwithstanding said objection, responsive documents have been produced.

2. Any and all letters, memoranda, e-mails, and other internal records of defendant indicating that plaintiff had resigned, or was terminating or would or might terminate, his services under his consulting agreement with defendant.

Answer:

Plaintiff objects to this request on the basis that it is overly broad and unduly burdensome.  Notwithstanding said objection see attached documents.

3. Any and all performance evaluations of plaintiff.

No formal evaluations exist in the manner interpreted by Defendant as being requested herein.

4. Any and all invoices submitted by plaintiff to defendant.

Invoices have been produced.


From: Keith Davidson [mailto:keithdavidson@kldlawoffices.com]
Sent: Tuesday, June 17, 2008 2:45 PM
To: dfish@fishlawfirm.com
Subject: Written discovery compliance

Mr. Fish:

On May 14, the court ordered the defendant to comply with plaintiff's written discovery on or before June 16.  Your production of e-mail and

invoices arrived by U.P.S. today, but it did not include the defendant's answers to the interrogatories nor did it purport to fully comply with plaintiff's production request.  Nor have I received discovery compliance from you by e-mail.  Please advise whether you complied with the court's order and, if you did not, please do so forthwith.


Keith L. Davidson

# Exhibit F

Interrogatory #2                                       http://bizatlarge.net/exchange/kld.KLD/Inbox/Rowell/Counsel%20(...

🔁 Reply  🔁 Reply to all  🔁 Forward  | 📄 📄 ✕  | ▲ ▼  | Close  | ❓ Help

| | |
|---|---|
| From: | Keith Davidson |
| To: | dfish@fishlawfirm.com |
| Cc: | |
| Subject: | Interrogatory #2 |
| Attachments: | |

Sent: Wed 6/18/2008 11:16 AM

View As Web Page

Mr. Fish:

There is no excuse for your failure to provide the last known residence address of each person you listed in answer to interrogatory #2 since, even if you are claiming an attorney-client privilege, these witnesses may need to be subpoenaed and, if you are not claiming an attorney-client privilege, I have the right to communicate with them.

Furthermore, the residence address of these witnesses could be relevant to your motion to dismiss based on forum non conveniens.

Your failure to responsively provide this information is, in my view, sanctionable.  Please provide it immediately and please clearly identify each of those individuals with whom you claim an attorney-client privilege.

Keith Davidson

# Exhibit G

RE: Lehmann and Spear                              http://bizatlarge.net/exchange/kld.KLD/Inbox/Rowell/Counsel%20(...



    Reply    Reply to all    Forward   |   ✕  |  ▲ ▼  |  Close   |   Help

| | | | |
|---|---|---|---|
| **From:** | Keith Davidson | | **Sent:** Fri 6/20/2008 12:41 PM |
| **To:** | David Fish | | |
| **Cc:** | | | |
| **Subject:** | RE: Lehmann and Spear | | |
| **Attachments:** | | | |

View As Web Page

---

Mr. Fish:

Your reply does not state whether you claim an attorney-client privilege with either Lehmann or Spear.

As to Spear, I take this to mean you claim none.

As to Lehmann, I do not believe his being a Director makes it improper for me to contact him regarding the case unless he is in a control group.  If you have any authority to the contrary, please so advise.

Keith L. Davidson


-----Original Message-----
From: David Fish [mailto:dfish@fishlawfirm.com]
Sent: Fri 6/20/2008 12:22 PM
To: Keith Davidson
Subject: RE: Lehmann and Spear

Mr. Davidson:

My understanding is that Lehmann is a director and thus would it would be improper for you to contact him.  I do not believe that Spear is a board member.

From: Keith Davidson [mailto:keithdavidson@kldlawoffices.com]
Sent: Friday, June 20, 2008 11:19 AM
To: dfish@fishlawfirm.com
Subject: Lehmann and Spear

Mr. Fish:

Once again, I request that you inform me without delay as to whether you are claiming an attorney-client relationship with either Ernest Lehmann or William Spear.

Hearing nothing from you today in response to this second request for that information, I will consider myself at liberty to communicate with them.

Keith Davidson

---