IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIReAM ROWELL, ) | |
|       Plaintiff, ) | |
| v. ) | |
| ) | No. 08 C 2517 |
| FRANCONIA MINERALS CORPORATION, ) | Judge Castillo |
| a foreign corporation ) | Judge Magistrate Brown |
|       Defendant. ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE INSTANER A SURREPLY TO DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Now comes the Plaintiff, WILLIAM ROWELL, by his attorney, Keith L. Davidson, and seeks leave to file *instanter* a 1½ page surreply, attached hereto, to Defendant's Reply on Its Motion to Dismiss The Second Amended Complaint.

As grounds for this motion, Plaintiff states as follows:

Defendant's reply attaches two exhibits, A and B, that were not included in its motion and presents arguments based on them which do not qualify as a reply to Plaintiff's response to the motion.

Exhibit A includes Plaintiff's interrogatory answers which, Defendant's Reply, on p. 5, inaccurately represents to be a disclosure of two additional witnesses in support of Plaintiff's damage claims. As the surreply clarifies, they are not. Exhibit B is a Second Declaration of Defendant's CEO, Brian Gavin, suggesting that Defendant's Board of Directors reached a determination of an issue, under Canada/Alberta law and the Stock Option Agreements, to which, Defendant argues, this court must defer. As the surreply explains, the issue is not even before the court.

By: /s/ Keith L. Davidson
Attorney for Plaintiff

Keith L. Davidson
**Law Offices of Keith L. Davidson**
2 N. LaSalle Street, Suite 1600
Chicago, IL 60602
(312) 419-0544

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM ROWELL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No.  08 C 2517 |
| FRANCONIA MINERALS CORPORATION, ) | Judge Castillo |
| a foreign corporation ) | Judge Magistrate Brown |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S SURREPLY TO DEFENDANT'S MOTION TO DISMISS THE
SECOND AMENDED COMPLAINT**

Now comes the Plaintiff, WILLIAM ROWELL, by his attorney, Keith L. Davidson, and in surreply to Defendant's Reply on its Motion to Dismiss The Second Amended Complaint states as follows:

1.      Contrary to Defendant's memo, p. 5, Plaintiff's interrogatory answers, Exh. A to Defendant's Reply, did not disclose two additional witnesses, Fiona Childe, from Toronto, or Andrea Zaradic, from Vancouver, "as having information which supports Plaintiff's claim for reliance damages."  They were identified in response to Defendant's interrogatories #1 and #4, which inquired about other work Plaintiff applied for or was offered since 2006.  Plaintiff does not, and never did, claim damages for any lost opportunities to do work for or with them.  The only witness Plaintiff has named to support his damage claim for lost business opportunities is Ted DeMatties, of Minnesota (Pltf's interrogatory answers, ¶ 8; and Rowell's Decl., ¶ 14, Exh. A to Pltf's Response).

2.      Brian Gavin's Second Declaration, attached as Exh. B to Defendant's Reply, asserts, in ¶ 3, that Gavin discussed with Defendant's Board Plaintiff's eligibility to exercise stock options, prior to denying Plaintiff the right to exercise them, and the

Board concluded without dissent Plaintiff was ineligible to do so. This is irrelevant. The issues are whether Plaintiff resigned and, if he resigned, whether Defendant was required to pay for cancellation of his stock options. These issues arise under ¶ 8 of the Consulting Agreement, which confers no authority on the Board to construe it or make determinations of any disputes arising under it. Gavin's Second Declaration does not suggest that the Board presumed to decide either of these issues. It is undisputed that, if Plaintiff did resign, he was not entitled, under the Consulting Agreement or Stock Option Agreements, to exercise stock options over 90 days thereafter. No Board decision of this was needed and, not surprisingly, Gavin's Second Declaration does not suggest that any was made. (Indeed, Defendant has purportedly produced all the Board's minutes relating to Rowell from 2005 onward, and none shows that the Board made any decisions concerning him).

                              By: /s/ Keith L. Davidson_____
                                   Attorney for Plaintiff

Keith L. Davidson
**Law Offices of Keith L. Davidson**
2 N. LaSalle Street, Suite 1600
Chicago, IL 60602
(312) 419-0544