IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM ROWELL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No.  08 C 2517 |
| FRANCONIA MINERALS CORPORATION, ) | Judge Castillo |
| a foreign corporation ) | Judge Magistrate Brown |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S SURREPLY TO DEFENDANT'S MOTION TO DISMISS THE
SECOND AMENDED COMPLAINT**

Now comes the Plaintiff, WILLIAM ROWELL, by his attorney, Keith L. Davidson, and in surreply to Defendant's Reply on its Motion to Dismiss The Second Amended Complaint states as follows:

1.   Contrary to Defendant's memo, p. 5, Plaintiff's interrogatory answers, Exh. A to Defendant's Reply, did not disclose two additional witnesses, Fiona Childe, from Toronto, or Andrea Zaradic, from Vancouver, "as having information which supports Plaintiff's claim for reliance damages."  They were identified in response to Defendant's interrogatories #1 and #4, which inquired about other work Plaintiff applied for or was offered since 2006.  Plaintiff does not, and never did, claim damages for any lost opportunities to do work for or with them.  The only witness Plaintiff has named to support his damage claim for lost business opportunities is Ted DeMatties, of Minnesota (Pltf's interrogatory answers, ¶ 8; and Rowell's Decl., ¶ 14, Exh. A to Pltf's Response).

2.   Brian Gavin's Second Declaration, attached as Exh. B to Defendant's Reply, asserts, in ¶ 3, that Gavin discussed with Defendant's Board Plaintiff's eligibility to exercise stock options, prior to denying Plaintiff the right to exercise them, and the

1

Board concluded without dissent Plaintiff was ineligible to do so. This is irrelevant. The issues are whether Plaintiff resigned and, if he resigned, whether Defendant was required to pay for cancellation of his stock options. These issues arise under ¶ 8 of the Consulting Agreement, which confers no authority on the Board to construe it or make determinations of any disputes arising under it. Gavin's Second Declaration does not suggest that the Board presumed to decide either of these issues. It is undisputed that, if Plaintiff did resign, he was not entitled, under the Consulting Agreement or Stock Option Agreements, to exercise stock options over 90 days thereafter. No Board decision of this was needed and, not surprisingly, Gavin's Second Declaration does not suggest that any was made. (Indeed, Defendant has purportedly produced all the Board's minutes relating to Rowell from 2005 onward, and none shows that the Board made any decisions concerning him).

By: /s/ Keith L. Davidson_____
Attorney for Plaintiff

Keith L. Davidson
**Law Offices of Keith L. Davidson**
2 N. LaSalle Street, Suite 1600
Chicago, IL 60602
(312) 419-0544