**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **WILLIAM ROWELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 08 C 2517** |
| v. ) | **Magistrate Judge Geraldine Soat Brown** |
| ) | |
| **FRANCONIA MINERALS CORP.,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff William Rowell brought this action against defendant Franconia Minerals Corporation ("Franconia") alleging breach of contract. (2nd Am. Compl. ¶¶ 5-38.) [Dkt 35.] The case originated in the Circuit Court of Cook County, Illinois, but was removed to federal court by Franconia on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Notice of Removal.) [Dkt 1.] The parties consented to the exercise of jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). [Dkt 54.]

Franconia has moved for summary judgment. [Dkt 100.] Upon reviewing the motion, the court detected a potential flaw in subject matter jurisdiction: Rowell, a Canadian citizen, is an alien admitted to the United States for permanent residence. (Pl.'s LR Resp. ¶¶ 1, 2.) [Dkt 120.] He has lived in Illinois for 10 years. (*Id*.) Franconia is incorporated in Alberta, Canada and has its principal place of business in the state of Washington. (*Id*.) The court requested supplemental briefing from the parties about whether there is federal jurisdiction in the case. (Order, Dec. 23, 2009.) [Dkt 137.] Proceedings on Franconia's motion were stayed until a determination was reached regarding subject

matter jurisdiction. (*Id.*)

For the reasons set out below, the case is remanded to the Circuit Court of Cook County, Illinois for lack of subject matter jurisdiction. Franconia's motion for summary judgment is stricken as moot without prejudice.

## DISCUSSION

Federal courts are courts of limited jurisdiction. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997). In the absence of jurisdiction, a court is powerless to act. *Lewis v. Local Union No. 100 of the Laborers' Intl. Union of N.A., AFL-CIO*, 750 F.2d 1368, 1377 n. 11 (7th Cir. 1984). Federal courts are expected to monitor their jurisdictional boundaries vigilantly and to guard carefully against expansion by judicial interpretation. *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951); *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230-31 (1990) (stating that federal courts "are under an independent obligation to examine their own jurisdiction"); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (district court is not limited to the jurisdictional allegations of the complaint and may look to whatever evidence has been submitted to determine whether subject matter jurisdiction indeed exists); *In re Shell Oil Co.*, 966 F.2d 1130, 1133 (7th Cir. 1992). Just as a federal court cannot expand its jurisdiction, parties may not confer subject matter jurisdiction on a federal court by oversight or consent. *Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 589 F.3d 881, 886 (7th Cir. 2009).

Article III, Section 2 of the Constitution provides in part that the judicial power of the United States shall extend to controversies "between a State, or the Citizens thereof, and foreign States, Citizens or Subjects." 28 U.S.C. § 1332(a), which governs federal jurisdiction in diversity cases,

requires complete diversity among the parties. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). That statute states, in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state . . . as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

Franconia's Notice of Removal asserted that either subsection (1) or subsection (2) of § 1332(a) provides jurisdiction here, on the ground that Rowell is a citizen of Illinois and Franconia is a citizen of both Canada and the state of Washington. (Notice of Removal at 1-2.) The question here is whether that characterization is correct, because if Rowell is also a citizen of Canada, complete diversity is lacking.

### A.     Rowell's Citizenship Under § 1332(a)

Pursuant to 28 U.S.C. § 1332(a), "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." Thus, Rowell is considered a citizen of Illinois for purposes of diversity jurisdiction. Whether Rowell is *also* deemed a citizen of Canada is at issue.

In *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1042-43 (7th Cir. 2006), the Seventh Circuit addressed the question, holding that "the best reading" of § 1332(a)'s permanent resident alien provision is that "permanent-resident aliens have both state and foreign citizenship." *See also See*

*Karazanos v. Madison Two Assoc.*, 147 F.3d 624, 628 (7th Cir. 1998) (interpreting that provision as meaning that "some aliens will have two 'citizenships' for diversity purposes rather than one: that of their home country, and that of the U.S. state in which they are domiciled"). Thus, Rowell is a citizen of *both* Canada and Washington, and complete diversity is lacking.

To defend diversity jurisdiction here, Franconia argues that *Intec* was "implicitly overruled" by the Seventh Circuit two years later in *MAS Capital, Inc. v. Biodelivery Sciences Intl., Inc.*, 524 F.3d 831 (7th Cir. 2008). (Def.'s Mem. at 5-6.) [Dkt 142.] In *MAS Capital*, the court addressed a different question: the citizenship of a domestic corporation with a foreign principal place of business. 524 F.3d at 832-33. In doing so, the court looked to subsection (c)(1) of 28 U.S.C. § 1332, which states, in relevant part that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." Because the word "State" is capitalized in that provision, the court interpreted it to mean "state of the United States," and concluded that the corporation's foreign principal place of business should be disregarded. *Id.*[1] Franconia argues that because the word "State" in the permanent resident alien provision of § 1332(a) is also capitalized, a permanent resident alien's foreign citizenship should likewise be disregarded. (Def.'s Mem. at 6.)

The problem with Franconia's argument is that the Seventh Circuit expressly considered that option in *Intec* and rejected it. Analyzing the permanent resident alien provision, which was added to the statute in 1988, the court stated:

---

[1] As the court explained, "Section 1332 uses the word 'State' frequently, always in contexts that refer to a domestic state, while the statute consistently refers to a foreign nation as a 'foreign state.' . . . [S]ubsections (a)(1), (a)(2), and (a)(3) illustrate this usage; several other portions of § 1332 use the same expressions." *MAS Capital*, 524 F.3d at 832-33.

> But what does it mean? It could mean that a permanent-resident alien "shall be deemed a citizen [exclusively] of the State in which such alien is domiciled." Or it could mean that the alien "shall be deemed a citizen of the State in which such alien is domiciled [in addition to his foreign citizenship]."

*Intec*, 467 F.3d at 1042 (brackets in original). The history of the provision, the court concluded, "unambiguously shows that the text's function is to add a (deemed) domestic citizenship to an alien who otherwise would come within the jurisdiction under § 1332(a)(2) or § 1332(a)(3) . . . ." *Id.* at 1043. Thus, the Seventh Circuit concluded, an alien's foreign citizenship cannot be disregarded. *Id.* The court acknowledged that its view differs from that of the Third Circuit as expressed in *Singh v. A.G. Daimler-Benz*, 9 F.3d 303 (3d Cir. 1993), but concluded that "*Singh* is wrong and *Karazanos* right." 467 F.3d at 1043.

There is nothing in the *MAS Capital* opinion to suggest that the court believed it was overruling its express holding in *Intec*, or that *Intec* even needed to be distinguished. *MAS Capital* did not involve or even discuss the permanent resident alien provision.[2] Rowell, as a permanent

---

[2] Franconia cites, without discussing, two other Seventh Circuit decisions to support its argument: *Sadat v. Mertes*, 615 F.2d 1176, 1187 (7th Cir. 1980) and *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 454 (7th Cir. 2009), which state that ordinarily only the American nationality of the dual citizen should be recognized under § 1332(a). (Def.'s Mem. at 6.) Those cases did not involve the permanent resident alien provision of § 1332(a), and Franconia does not explain why the conclusions of those cases about dual citizenship – a very different situation – should be applied here.
   Franconia's citation of *Oteng v. Golden Star Resources, Ltd.*, 615 F. Supp. 2d 1228 (D. Colo. 2009), is likewise inapposite. In addition to the fact that *Oteng* is an opinion of a district court in a different circuit, that case also concerned a party who had dual citizenship in the United States and Ghana, not a permanent resident alien. Furthermore, to the extent that the court in *Oteng* distinguished *Intec* on the ground that *Intec* dealt with the citizenship of a limited liability company as opposed to an individual (615 F. Supp. 2d at 1235 n.1), it is simply wrong. As Franconia acknowledges, to address the citizenship of a limited liability company, the court in *Intec* had to examine the citizenship of the LLC's individual members. (Def.'s Mem. at 7 n.1.) A limited liability company has the citizenship of each of its members. *Intec*, 467 F.3d at 1041, citing, *inter alia, Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998).

resident alien, is a citizen of both Illinois and Canada.[3]

**B.      Franconia's Citizenship Under § 1332(c)(1)**

Perhaps concerned that *Intec* dooms its argument about Rowell's citizenship, Franconia backtracks from its Notice of Removal and argues that it is a citizen only of the state of Washington, not of Canada. (Def.'s Mem. at 1.) Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." Based on that language, it appears that Franconia must be a citizen of both Canada (where it is incorporated) and the state of Washington (where it has its principal place of business).

However, Franconia contends that its Canadian citizenship should be disregarded based, again, on the Seventh Circuit's decision in *MAS Capital*. (Def.'s Mem. at 2-5.) To recap, in *MAS Capital*, the court held that a corporation with a domestic state of incorporation (Nevada) and a foreign principal place of business (Taiwan) was a citizen only of Nevada for diversity of citizenship purposes. 524 F.3d at 833. The court rejected the argument that under § 1332(c)(1) a domestic corporation having its principal place of business in a foreign state has two citizenships. Rather, the court found that, because the word "State" in subsection (c)(1) is capitalized, it refers to one of the 50 domestic states and not a foreign state, and the corporation's foreign citizenship should be

---

[3] Franconia also cites and quotes "the Commentary explaining the 1988 amendment to § 1332 . . . ." (Def.'s Mem. at 7-8.) The material Franconia quotes is part of a comment by Professor David D. Siegel provided by West Publishing in *United States Code Annotated*. *See* David D. Siegel, *Commentary on 1988 Revision of Section 1332(a)*, in 28 U.S.C.A. § 1332 at 382 (West 2006). It is not and does not purport to be an authentic part of the legislative history of the amendment. *See Intec*, 467 F.3d 1042 (describing the legislative history of the amendment).

disregarded. *Id.* at 832. Franconia argues that although its situation is the reverse – Franconia has a foreign incorporation and a domestic principal place of business – the same result should apply here, namely, that Franconia's foreign citizenship should be disregarded because subsection (c)(1) refers only to a corporation's "State," which means a domestic state. (Def.'s Mem. at 3.)[4]

The decision in *MAS Capital* was limited to a domestic corporation with a foreign principal place of business; nowhere in its decision did the Seventh Circuit suggest that § 1332(c)(1) would permit a court to disregard a foreign place of incorporation. In fact, such a suggestion would be contrary to over one hundred years of jurisprudence, as discussed by the Supreme Court in *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 91-92 (2002):

> A "corporation of a foreign State is, for purposes of jurisdiction in the courts of the United States, to be deemed, constructively, a citizen or subject of such State." *Steamship Co. v. Tugman*, 106 U.S. 118, 121 (1882). Cf. Restatement (Third) of Foreign Relations Law of the United States § 213 (1986) ("For purposes of international law, a corporation has the nationality of the state under the laws of which the corporation is organized").

The Supreme Court noted a question about whether subsection (c)(1) of § 1332 applies to foreign corporations (536 U.S. at 98 n.3), but it did not suggest that subsection (c)(1) changed the long-standing principle quoted above.

Franconia also cites *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553 (11th Cir. 1989), a decision mentioned in *Mas Capital*, 524 F.3d at 832-33. In *Cabalceta*, the Eleventh Circuit reached the conclusion subsequently adopted by the Seventh Circuit in *Mas Capital*: that for purposes of

---

[4] Franconia suggests that the court in *Bou-Matic L.L.C. v. R.J. Fullwood & Bland, Ltd.*, No. 08 C 441, 2008 WL 4691831 (W.D. Wis. Oct. 22, 2008), adopted that position, but Franconia overstates that ruling. The court in *Bou-Matic* simply ordered the parties to provide more information about a defendant foreign corporation's principal place of business; no decision was made regarding whether diversity existed.

§ 1332(c)(1), a domestic corporation with a foreign principal place of business has only the citizenship of its domestic incorporation. 883 F.2d at 1561. There is no suggestion that the court would disregard a foreign corporation's place of incorporation. Rather, the Eleventh Circuit's interpretation of § 1332(c) assumed that Congress did not intend to "punish a domestic corporation which operates on an international basis." *Id*.

The prevailing view is that a foreign corporation with a domestic principal place of business has two citizenships under § 1332(c)(1) – that of the foreign state of incorporation and that of the domestic (U.S.) state where it has its principal place of business. *See, e.g., Slavchev v. Royal Caribbean Cruises, Ltd.*, 559 F.3d 251, 254 (4th Cir. 2009); *Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co., Ltd.*, 509 F.3d 271, 272-73 (6th Cir. 2007); *Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC*, 232 F.3d 79, 82 (2d Cir. 2000) (citing cases); *Danjaq, S.A. v. Pathe Communications Corp.*, 979 F.2d 772, 773-74 (9th Cir. 1992); *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1152-53 (5th Cir. 1985); *see also GE Healthcare v. Orbotech., Ltd.*, No. 09 C 0035, 2009 WL 2382534 at *5 n. 4 (E.D. Wis. July 2, 2009) (interpreting Seventh Circuit precedent regarding § 1332(c) as deeming a foreign corporation to be a citizen of the foreign state in which it is incorporated).

Accordingly, Franconia is a citizen of both Canada and the state of Washington.

C.   **Whether There Is Subject Matter Jurisdiction**

The foregoing demonstrates that there are citizens of a foreign state present on both sides of the case. Both Rowell and Franconia are Canadian citizens, in addition to their "deemed citizenships" in Illinois and Washington for purposes of §1332.

To determine whether there is federal jurisdiction, the court must look to § 1332(a), set forth above. Subparts (1) and (2) of § 1332(a) do not apply because the case is not between "citizens of different States" or between "citizens of a State and citizens or subjects of a foreign state." Subpart (3) does not apply because the case is not between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." Rowell and Franconia are the only parties to this case; thus, they cannot be "additional parties." Finally, subpart (4) does not apply because the case is not between "a foreign state . . . as plaintiff and citizens of a State or of different States." Rowell is not a "foreign state" in and of himself; he is a citizen of a foreign state. *See* 28 U.S.C. § 1603(a).[5] Accordingly, there is no diversity of citizenship between the parties pursuant to 28 U.S.C. §1332, and no basis for federal subject matter jurisdiction. *See Intec*, 467 F.3d at 1041 ("Subject-matter jurisdiction then would be lacking, first because citizens of New Zealand would be on both sides . . . and second because 28 U.S.C. § 1332(a)(2) does not in any event extend to litigation in which all of the litigants are aliens." (citations omitted)).

**CONCLUSION**

For the foregoing reasons, there is no federal subject matter jurisdiction for this case and the case is remanded to the Circuit Court of Cook County, Illinois pursuant to 28 U.S. C. § 1447(c). Franconia's motion for summary judgment is stricken as moot without prejudice.

---

[5] 28 U.S.C. § 1603(a) defines a "foreign state" as a "political subdivision of a foreign state or an agency or instrumentality of a foreign state." An "agency or instrumentality of a foreign state" means "any entity (1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof . . . ." 28 U.S.C. § 1603(b). Rowell clearly does not meet the definition of a foreign state.

IT IS SO ORDERED.

_____
GERALDINE SOAT BROWN
United States Magistrate Judge

DATED: April 16, 2010